DEBORAH M. SMITH
Acting United States Attorney

RETTA-RAE RANDALL
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel.: 907/271-5071

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. |
| v. | ) | |
| MICHAEL R. SWEENEY, | ) | PLEA AGREEMENT |
| Defendant. | ) | |

## I. Introduction.

### A. *Summary.*

This brief introduction sets forth a summary of the terms of the Plea Agreement between MICHAEL R. SWEENEY, the defendant, and the United States. This summary is not intended to supercede the language that follows this subsection.

The defendant agrees to plead guilty to the Information filed by the United States Attorney charging him with the felony offense of fraudulently receiving Social Security Disability Insurance Benefits, in violation of Title 42, United States Code, Section 408(a)(4).

The United States and the defendant further agree that a sentence of probation of five (5) years is an appropriate disposition of this case. The defendant agrees to pay the amount of restitution due in the amount of $13,383.00, and as a result, no fine will be requested.

**B.** *Complete Agreement.*

This document contains the complete Plea Agreement between the United States and MICHAEL R. SWEENEY. No other agreement, understanding, promise, or condition exists between these two parties. The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state or local prosecuting authorities.

The defendant and his counsel understand this plea agreement is not final until (1) it has been signed by the United States Attorney; (2) the fully executed agreement has been filed with the Court; and (3) the court has accepted defendant's guilty plea.

**C.    *Federal Rules of Criminal Procedure.***

The parties expressly agree and acknowledge that this Plea Agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(B). This means that the court may accept or reject the recommendations or requests of the parties. Fed. R. Crim. P. 11(e)(2). The defendant may not withdraw from this agreement if the court deviates from the sentencing recommendations made by the United States or by defense counsel. Neither the defendant nor the court is bound by the government's sentencing estimates.

The parties agree that if the defendant's guilty plea is rejected, withdrawn, set aside, vacated or reversed at any time, the United States will be free to prosecute the defendant on all charges covered by this agreement, including any charges that might have been brought but for this agreement.

**D.    *United States Sentencing Guidelines.***

This case arises out of conduct occurring after November 1, 1987 and as such is subject to calculation of an advisory sentence pursuant to the United States Sentencing Commission Guidelines (U.S.S.G.).

**E.    *Attorney's Fees and Costs.***

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

## II. What the Defendant Agrees to Do.

MICHAEL R. SWEENEY agrees the following obligations are material to this agreement. The defendant agrees that any violation of or failure to fulfill these obligations will be a material breach of this agreement. If the defendant breaches this agreement, the defendant understands the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against the defendant on any charges arising out of the investigation in this matter. Whether the defendant has violated the terms of this agreement will be determined by the Court at an appropriate hearing during which any of the defendant's disclosures will be admissible and the government's burden is by a preponderance of the evidence.

### A. *Charges.*

MICHAEL R. SWEENEY is charged with the felony offense of fraudulently receiving Social Security Disability Insurance Benefits, in violation of Title 42, United States Code, Section 408(a)(4), charged in an Information filed by the United States Attorney for the District of Alaska. Pursuant to this written agreement, the defendant agrees to waive prosecution by indictment and presentation of the charges against him to the grand jury under Fed. R. Crim. P. 7(b), and to plead guilty to the charge set forth in the Information. The defendant agrees to freely and openly acknowledge responsibility for the acts and omissions constituting the factual basis

for his plea of guilty to the offense charged in the Information, and he further agrees that a sentence of probation for five (5) years is an appropriate disposition of this case and specifically agrees to imposition and service of such a sentence. He also agrees to pay $13,383.00 in restitution.

**B.     *Limits on departures.***

Unless specifically set forth in this Plea Agreement, the defendant agrees he will not seek any downward departures or downward guideline adjustments under the U.S.S.G. or any other authority. The parties agree that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history. The defendant may argue any factors under 18 U.S.C. §3553 which are appropriate to support the sentence agreed to by the parties herein.

**C.     *Restitution.***

The defendant agrees to pay the full amount of restitution due and owing in this case, specifically $13,383.00 to the Social Security Administration.

**D.     *Fine.***

The parties agree that because of the amount of restitution due to be paid, the defendant will not have the ability to pay a fine.

**E.   *Special Assessment.***

At sentencing, pursuant to 18 U.S.C. § 3013(a), the defendant will pay the special assessment fee of $100.00.

**F.   *Waivers of appellate and collateral attack rights.***

The defendant understands that by pleading guilty he waives his right to appeal his conviction. The defendant also understands and agrees that as consideration for the government's commitments under this Plea Agreement, and if the Court accepts this Plea Agreement and imposes a sentence pursuant to this Plea Agreement, he will knowingly and voluntarily waive his right, contained in 18 U.S.C. § 3742, to appeal the sentence – including any conditions of probation imposed. Furthermore, the defendant also knowingly and voluntarily agrees to waive his right to collaterally attack his conviction and/or sentence. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to his conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the time the Court imposes sentence; and 2) a challenge to the voluntariness of his guilty plea. The defendant agrees that if his guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free

to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause.

### G. *Consequences of plea.*

The defendant agrees to complete the Financial Statement of Debtor declaring all income, assets, and expenses, and include a copy of the defendant's last Federal Income Tax form filed. Any false statements contained in the financial statement will subject the defendant to a separate prosecution for making False Statements to the United States pursuant to 18 U.S.C. § 1001.

### H. *Waiver of Right to Jury Trial on Sentencing Factors.*

The defendant, by entering this plea, also waives any right to have facts that the law makes essential to the punishment either (1) charged in the Information, (2) proven to a jury, or (3) proven beyond a reasonable doubt. The defendant explicitly acknowledges that his plea to the charged offense authorizes the Court to impose a sentence in accordance with the terms of this Plea Agreement.

### III. What the Government Agrees to Do.

In exchange for the defendant's plea of guilty to the felony offense of fraudulently receiving Social Security Disability Insurance Benefits, in violation of Title 42, United States Code, Section 408(a)(4), as charged in the Information in this

case, the United States agrees to not prosecute the defendant further for any offenses – now known – arising out of the subject of the investigation.

Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, or if the Court rejects the Plea Agreement in this case, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause.

The United States agrees that a sentence of probation of five (5) years is an appropriate disposition of this case; the government also agrees that if the restitution is paid in full, and there have been no violations of probation, probation may be terminated after three (3) years.

IV.   **Advisement of Maximum Penalties and Conditions of Sentence.**

   A.   *Maximum Penalties.*

The maximum statutory penalties which may be imposed for a felony violation of 42 U.S.C. § 408(a)(4) as charged in the Information, are (1) a term of imprisonment of five years, (2) a fine of $250,000, (3) a term of supervised release of three (3) years; and (4) a special assessment of $100.00.

**B.   *Costs of Imprisonment.***

Pursuant to Comment 7 to U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term.

**C.   *Interest.***

Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500.00, interest will be charged on the balance not paid within 15 days after the judgment date.

**D.   *Supervised Release.***

Upon violating any condition of probation or supervised release, a further term of imprisonment equal to the period of the probation or supervised release may be imposed, with no credit for the time already spent on probation or supervised release.

**E.   *Restitution.***

The Court may order that the defendant pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

**F.   *Payments.***

All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

V.  **Guideline Applications and Sentencing Issues.**

    A.  *ADVISORY GUIDELINE APPLICATIONS AND SENTENCING AGREEMENTS*

(Estimated)

Base Offense Level (2B1.1(a)(2)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    Loss: more than $10,000 (2B1.(b)(1)(C)) . . . . . . . . . . . . . . . . . . . . . . . . . +4

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Adjustment For Acceptance of Responsibility . . . . . . . . . . . . . . . . . . . . . . . . . . -2

Total Offense Level (estimated) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Criminal History Category (estimated) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . II

Advisory Sentencing Range . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4 - 10 months

    B.  *Criminal History Category.*

The parties have no agreement as to the defendant's criminal history category. The parties agree that the defendant may argue that his criminal history category substantially over-represents the seriousness of his criminal history. U.S.S.G. § 4A1.3(b)(1).

    C.  *No Upward or Downward Departures or Guideline Adjustments.*

The parties agree that neither the United States nor the defendant will seek any upward or downward sentencing departures or upward or downward sentencing adjustments unless specifically set forth in this Plea Agreement. The parties agree

that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history. The defendant may argue any factors under 18 U.S.C. §3553 which are appropriate to support the sentence agreed to by the parties herein.

## VI.   Elements of the Offense.

The parties agree that the charge of fraudulently receiving Social Security Disability Insurance Benefits in violation of 42 U.S.C. § 408(a)(4), has the following elements:

First, the defendant had knowledge of an event affecting the right to receive or to continue to receive payments;

Second, the defendant knowingly concealed or failed to disclose this event to the Social Security Administration;

Third, the defendant did so with the intent to fraudulently secure payment of Social Security Disability Insurance Benefits in an amount greater than was due or when no payment was authorized.

## VII.   Factual Basis for the Plea.

The parties stipulate and agree to the truth of the following factual statement:

The defendant, MICHAEL R. SWEENEY, was the husband of Mary Louden, an "insured" individual who applied for, and began receiving Title II Disability

Insurance benefits in May 2002. Prior to her death on August 12, 2003, Mary Louden received payment of her Social Security disability insurance benefits by direct-deposit into a checking account, held jointly with her husband, MICHAEL R. SWEENEY, at Wells Fargo Bank. Following his wife's death, MICHAEL R. SWEENEY concealed or failed to disclose this event to the Social Security Administration and continued to use the Social Security funds that were directly deposited into their joint Wells Fargo Bank account. MICHAEL R. SWEENEY knew that he had no right to receive or use the Social Security disability insurance benefits after the death of his wife.

MICHAEL R. SWEENEY used his deceased wife's Social Security benefits for his own benefit and expenses from August, 2003, through September, 2004. By concealing or failing to disclose the occurrence of his wife's death, MICHAEL R. SWEENEY, fraudulently secured and obtained the continued payment of Title II disability insurance benefits from the Social Security Administration, in the amount of $13,383.00, to which he was not entitled.

## VIII. Adequacy of the Agreement.

Pursuant to CR 11.2(d)(8), this plea agreement is appropriate in that it contemplates a sentence in accord with the applicable statutory requirements and reflects the nature and circumstances of the offense, the history and characteristics of

the defendant, and the seriousness of the offense behavior. The recommended sentence will serve to adequately protect the public and reaffirm societal norms, provide for deterrence to the defendant and others, and provide an opportunity for the defendant to rehabilitate himself.

IX. **Defendant's Agreement and Understanding of the Terms of this Plea Agreement.**

I, MICHAEL R. SWEENEY, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, knowing that I will be put under oath at my change of plea hearing to tell the truth, do hereby state my agreement to and understanding of this Plea Agreement as follows:

   A. I wish to enter a plea of guilty to the Information, which charges me with the felony offense of fraudulently receiving Social Security Disability Insurance Benefits in violation of Title 42 U.S.C. §408(a)(4).

   B. My attorney has explained the charge to which I am pleading guilty, the necessary elements, and the consequences of my plea.

   C. I am admitting that the allegations against me in the Information and the factual basis for my plea are true.

   D. I understand that by pleading guilty I give up and I agree to waive the following rights:

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to a speedy and public trial by a jury on the issues of my guilt;

-- The right to object to the composition of the grand or petit jury;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

-- The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial--I understand I am not waiving my right to have counsel continue to represent me during the sentencing phase of my case;

-- The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

-- The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

-- The right to contest the validity of any searches conducted on my property or person;

E.   I am fully aware that if I were convicted after a trial and sentence were imposed on me thereafter, I would have the right to appeal any aspect of my conviction and sentence. Knowing this, I voluntarily waive my right to appeal my conviction. Furthermore, I also knowingly and voluntarily agree to waive my right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this case, if the Court accepts this agreement and imposes a sentence no greater than the statutory maximums available for this offense. Furthermore, I knowingly and voluntarily waive my right to collaterally attack any aspect of my conviction or sentence, except for a challenge based upon ineffective assistance of counsel – based on information not now known by me and which, in the exercise of due diligence, could not be known by me by the time the Court imposes the sentence--which affected either my guilty plea or the sentence imposed by the Court. I am fully satisfied with the representation given me by my attorney, M.J. Haden. We have discussed all possible defenses to the charges in the Information. My attorney has investigated my case and followed up on any information and issues I have raised with my attorney to my satisfaction and my attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed how my sentence will be calculated under the United States Sentencing Commission Guidelines as well as the statutes applicable to my offense and any other factor that will affect the

sentence calculation in my case.

  F. I further understand that if I plead guilty, there will not be a trial and that the Court will ask me under oath to answer questions about this offense. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

  G. I understand that I have a right to plead not guilty and that no one can force me to plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea.

  H. I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. I understand that the discussions between me and my attorney concerning my sentence exposure or the actual sentence the Court might impose are only estimates and do not bind the Court. I understand that the Court has the ultimate discretion to determine the sentence to be imposed in my case. However, I also understand that if the Court deviates from the sentencing agreements made by the parties in this case, I can withdraw my guilty plea or from this agreement.

  I. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing

this, I agree that this document will be filed with the Court.

J. This document contains all of the agreements made between me, my attorney, and the attorney for the United States regarding my plea. There are no other promises, assurances, or agreements between me, my attorney, and the United States that have affected my decision to change my plea or to enter into this agreement. If there were, I would so inform the Court. I understand that if I breach this agreement in any way the United States will be free to prosecute me on all charges for which there is probable cause, arising out of the investigation of this case, and to reinstate any charges dismissed pursuant to this agreement.

K. I have read this Plea Agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I understand the consequences of my guilty plea. I enter into this agreement knowingly and voluntarily.

I therefore wish to enter a plea of guilty to the Information which charges me with the felony of fraudulently receiving Social Security Disability Insurance Benefits in violation of Title 42, United States Code, § 408(a)(4).

DATED: /-24-06

MICHAEL R. SWEENEY,
Defendant

As counsel for the defendant, I have discussed with him the terms of this Plea Agreement, have fully explained the charge(s) to which he is pleading guilty and the necessary elements, all possible defenses, and the consequences of his plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question his competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this Plea Agreement or to enter a plea of guilty, I will immediately inform the Court.

DATED: 2/2/06

M. J. Haden
Attorney for Michael R. Sweeney

On behalf of the United States, the following accept MICHAEL R. SWEENEY'S offer to plead guilty under the terms of this Plea Agreement.

DATED: 2/7/2006

RETTA-RAE RANDALL
Assistant U.S. Attorney

DATED: 2/8/2006

DEBORAH M. SMITH
Acting United States Attorney